UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11878-RWZ

PNC MORTGAGE,
a Division of PNC BANK, N.A.

v.

WARREN E. AGIN, TRUSTEE

MEMORANDUM OF DECISION

March 31, 2014

ZOBEL, D.J.

In this bankruptcy appeal, defendant-appellant PNC Mortgage ("PNC") contends that the bankruptcy court erroneously awarded plaintiff-appellee Warren E. Agin ("Trustee"), the Chapter 7 Trustee in bankruptcy for Kelley J. Spodris ("debtor), $234,000 for the benefit of debtor's estate. Trustee moves to dismiss the appeal as untimely (Docket # 8). For the reasons discussed below, I conclude that PNC's appeal is timely and the bankruptcy court erred in awarding the money judgment. The judgment is therefore VACATED and the case remanded.

I.  **Background**

Debtor and her mother, Donna M. Kelley, own by joint tenancy with a right of survivorship a property in Marstons Mills, Massachusetts. On February 4, 2011, PNC loaned debtor and Kelley $282,000 and took a mortgage on the property. Debtor filed for Chapter 7 bankruptcy on June 21, 2011. Because PNC had recorded the mortgage

within the ninety-day period prior to the time debtor filed her bankruptcy petition, the Trustee filed an adversary proceeding seeking to avoid the transfer of the mortgage lien. See 11 U.S.C. § 547(b)(4)(A). On November 29, 2011, the Trustee filed an application for default and a motion for entry of default judgment against PNC. The motion listed the value of the property at $234,000; the Trustee got that number from the debtor's bankruptcy schedules. On December 14, 2011, the bankruptcy court entered an endorsed order on the Trustee's application for default. It read, "Granted. The Clerk shall enter a default against the defendant in favor of the plaintiff." Docket # 8-1 at 3. Two weeks later, on December 28, 2011, the bankruptcy court entered an endorsed order granting the Trustee's motion for default judgment. It read, "Granted. The Court enters a default judgment in favor of the Plaintiff against the Defendant." Docket # 8-2.

The Trustee attempted to enforce the judgment against PNC in the U.S. District Court for the Southern District of Ohio. That court initially granted the Trustee's motion to enforce judgment and issued a writ of execution. See Fed. R. Civ. P. 69(a). Upon PNC's motion, however, it vacated the writ because the bankruptcy court had not held a hearing on damages, and as such there was no money judgment to enforce. See Docket # 13-1. The Trustee then filed in the bankruptcy court a "Motion for Judgment on a Separate Document Pursuant to Fed. R. Civ. P. 58(d)." Docket # 13-2. The motion was accompanied by a proposed judgment, which read

> Judgment shall enter in favor of Warren E. Agin, plaintiff, against PNC Mortgage, a division of PNC Bank, N.A., defendant, in the amount of $234,000.00, with post-judgment interest at the rate of 0.15 per cent

2

>     annum calculated from December 28, **2012**, the date of the judgment, until
>     paid, plus costs.

Docket # 13-3 (emphases added). The bankruptcy court granted the motion and entered the proposed judgment verbatim on June 10, 2013. The Trustee then noticed that the judgment was incorrect because it used December 28, 2012, rather than December 28, 2011, the date on which the bankruptcy court entered the initial endorsed order granting the motion for a default judgment, as the start date for the interest calculation. On June 12, 2013, he filed a "Motion to Amend Judgment." Docket # 13-4. PNC filed its notice of appeal on July 3, 2013. On August 9, 2013, the bankruptcy court allowed the motion to amend the judgment. It entered the new judgment on August 14, 2013.

## II.     Legal Standard

I review the bankruptcy court's factual findings for clear error and its legal conclusions de novo. Parker v. Handy (In re Handy), 624 F.3d 19, 21 (1st Cir. 2010). I review the bankruptcy court's entry of a default judgment for abuse of discretion. MacPherson v. Johnson (In re MacPherson), 254 B.R. 302, 305 (1st Cir. BAP 2000).

## III.    Analysis

### A.    Motion to Dismiss Appeal

First, I must determine whether PNC timely filed its notice of appeal. Johnson v. Teamsters Local 559, 102 F.3d 21, 28 (1st Cir. 1996) (timely filing of notice of appeal mandatory and jurisdictional) (quotation and citation omitted). In support of its motion to dismiss, the Trustee asserts that the bankruptcy court's endorsed order ripened into a

3

final judgment for which the appeal window has closed. See Mot. to Dismiss Appeal, Docket # 8, at 5-6. The bankruptcy court entered the endorsed order authorizing a default judgment on December 28, 2011, but did not set forth a judgment in a separate document. Generally, judgment requires entry on a separate document, but "under Fed. R. Civ. P. 58(c)(2)(B), judgment enters after 150 days have passed since a judgment order was placed on the civil docket, even if no separate document was filed." Bos. Prop. Exch. Transfer Co. v. Iantosca, 720 F.3d 1, 7 (1st Cir. 2013).[1] The Trustee asserts that, counting forward 150 days from December 28, 2011, the judgment became final on May 26, 2012. At that time, the two-week appeal period commenced. See Fed. R. Bankr. P. 8002(a). Because PNC did not file its notice of appeal until July 3, 2013, over a year later, the present appeal is not properly before me.

The Trustee's reasoning is incorrect because the default judgment, even if entered via endorsement, still required the Trustee to prove damages. See Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 339 n.3 (1st Cir. 2008) (citing Fed. R. Civ. P. 55(b)(2)); KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003) ("'While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is . . . susceptible of mathematical computation.'" (quoting Flaks v. Koegel, 504 F.2d 707, 707 (2d Cir. 1974))); Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999).[2]  Here, the

---

[1] Federal Rule of Bankruptcy Procedure 7058 incorporates Federal Rule of Civil Procedure 58 in adversary proceedings.

[2] There are exceptions to this rule, but they do not apply here. For example, no proof of damages is necessary if the claim is for a "sum certain." Fed. R. Civ. P. 55(b)(1); Fed. R. Bankr. P. 7055 (incorporating Rule 55 in adversary proceedings). But "a claim is not [for] a sum certain unless there is

4

December 28, 2011 default judgment did not award damages to the Trustee and made no reference to a damages hearing. Docket # 13-1 at 1-2. Other than a terse pronouncement of winner and loser, it contained no substance whatsoever.[3] See Scarfo v. Cabletron Sys., Inc., 54 F.3d 931, 936 (1st Cir. 1995) (discouraging non-self-explanatory judgments); 11 Charles Alan Wright et al., Federal Practice & Procedure § 2785 (3d ed. 2012) (stating judgment documents should generally be self-sufficient and non-referential). I thus conclude as did the Southern District of Ohio: the December 28, 2011 docket entry was not an enforceable judgment.

The appeal clock began to run when the district court entered its June 10, 2013 judgment, which contained the $234,000 damages figure. PNC, however, did not file its notice of appeal until July 3, 2013, after the two-week appeal period elapsed. But PNC correctly points out that its motion to amend the judgment stayed the appeal clock:

> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion . . . to alter or amend judgment under Rule 9023 . . . .

Fed. R. Bankr. P. 8002(b). PNC made a timely motion under the Rule, and thus, the clock ran from the date the bankruptcy court entered the order disposing of the motion: August 9, 2013.

---

no doubt as to the amount which a plaintiff is entitled as a result of defendant's default." KPS & Assocs., 318 F.3d at 19. As the merits analysis *infra* demonstrates, PNC disputes the very fact that the Trustee is entitled to money in the first place, and assuming he is, PNC disputes the amount to which he is entitled. It can hardly be said that there is "no doubt" as to the sum involved.

[3]For this reason, the Trustee's argument that PNC "could have filed a motion for entry of judgment so as to preserve and then pursue its appeal rights" lacks merit. See Mot. to Dismiss Appeal, Docket # 8, at 8. I further note that because PNC has maintained that it only opposes the $234,000 award in the June 10, 2013 judgment and not the avoidance of the mortgage lien, it had no reason to file such a motion. See Mem. in Opp. to Mot. to Dismiss Appeal, Docket # 13, at 5.

5

Yet this conclusion raises another wrinkle. PNC filed its notice of appeal on July 3, 2013, more than a month before the bankruptcy court disposed of the motion and entered the amended final judgment. The Trustee contends PNC's notice of appeal was premature and thus invalid. Mot. to Dismiss at 10. PNC relies on Federal Rule of Bankruptcy Procedure 8002(a), which, it claims, relates forward the notice of appeal to August 14, 2013, the date the bankruptcy court entered the amended judgment.[4] The Rule provides, "[a] notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof." Fed. R. Bankr. P. 8002(a). Was the June 10, 2013 judgment a "decision or order," so that the notice of appeal related forward to the date of the final judgment?

Caselaw from the analogous context of Federal Rule of Appellate Procedure 4(a)(2)[5] suggests that it was. The Supreme Court has held that "Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." FirsTier Mortg. Co. v. Investors Mortg. Ins. Co., 498 U.S. 269, 276 (1991). This is because "permitting the notice of appeal to

---

[4]It is puzzling—as are many parts of this case—that PNC did not take pains to resolve potential jurisdictional complications by filing a new notice of appeal during the two-week period after August 14, 2013.

[5]Rule 4(a)(2) provides, "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Federal Rule of Appellate Procedure 4(a) and Federal Rule of Bankruptcy Procedure 8002 should be interpreted consistently. Arrowhead Estates Dev. Co. v. United States Tr. (In re Arrowhead Estates Dev. Co.), 42 F.3d 1306, 1311 (9th Cir. 1994).

become effective when judgment is entered does not catch the appellee by surprise." Id. When a judgment or decision falls somewhere between an interlocutory decision and an appealable decision (upon entry of final judgment), courts must ask whether that judgment is "close enough" to the latter to be a "decision" for Rule 4(a)(2) purposes. Clausen v. Sea-3, Inc., 21 F.3d 1181, 1186 (1st Cir. 1994). Here, the June 10, 2013 judgment was final save for the correction of a typographical error. At the hearing on the motion to amend, the Trustee conceded that the date was a typographical error, and further conceded the argument PNC now makes before me: "that Rule 8002 effectively holds the notice of appeal in abeyance pending [the bankruptcy court's] decision on [the] motion to amend." Mot. to Am. Hr'g Tr., Docket # 17-1, at 4. The Trustee further explained that PNC did not oppose the change of date, but instead objected to the award of $234,000 in damages, as opposed to mere avoidance of the mortgage lien. Id. Under these circumstances, where the judgment had such indicia of finality and the Trustee essentially conceded jurisdiction, the Trustee can hardly be surprised or prejudiced. See FirsTier Mortg. Co., 498 U.S. at 273. The June 10, 2013 judgment was a "decision" for Rule 8002(a) purposes, and accordingly, PNC's July 3, 2013 premature notice of appeal ripened when the bankruptcy court entered final judgment on August 14, 2013. See Negron Gaztambide v. Hernandez Torres, 145 F.3d 410, 414 (1st Cir. 1998) (per curiam).

Satisfied that I have jurisdiction over this appeal, I now turn to its merits.

**B.     Merits**

PNC asserts that the bankruptcy court erred by awarding the Trustee a monetary

7

judgment for the value of the transferred property pursuant to 11 U.S.C. § 550(a), instead of allowing the Trustee to avoid the transfer of the mortgage lien. Avoidance of the mortgage lien, PNC argues, will make the estate whole. Appellant's Br., Docket # 16, at 9 (citing Agin v. Chambers (In re Ruel), 457 B.R. 164, 171-72 (Bankr. D. Mass. 2011) (holding that where Trustee avoided a transfer under 11 U.S.C. § 547, the remedy was limited to avoidance of the mortgage lien). PNC further contends that even if the Trustee were entitled to the value of the property, the bankruptcy court could not simply lift the damages award directly from the debtor's bankruptcy schedules. Id. at 11-13.

The Trustee disagrees.[6] He contends that avoiding the mortgage lien would not make the estate whole. Appellee's Br., Docket # 18, at 22. Because debtor owns the property with her mother as joint tenants, avoiding the mortgage lien would give PNC an unsecured claim as to debtor's interest in the property while retaining its secured claim as to her mother's interest. Id. If the trustee sold a partial interest in the property, he would not obtain the fair value of the interest at the sale. Id. at 23 (citing In re Duda, 422 B.R. 339, 349 (Bankr. D. Mass. 2010)).

The bankruptcy court apparently never considered any of these arguments. Even assuming the endorsed order represents implied consideration, the court still erred. As explained above, the court could only have awarded the $234,000 without hearing additional evidence if the damages request was for a "sum certain." But because there was doubt as to the value of the property, the sum was not certain. See KPS & Assocs.,

---

[6]The Trustee inexplicably devotes two-thirds of his merits brief to rehashing his own jurisdictional arguments from the motion to dismiss.

8

Inc., 318 F.3d at 19. This is especially so given that the figure came straight from the debtor's bankruptcy schedules. See Hull v. Burr, 206 F. 1, 2 (1st Cir. 1913) ("[T]he schedules bind no one but the bankrupt, and do not purport to set forth any estimates of values except the bankrupt's."); In re A & A Transport, Inc., 10 B.R. 867, 868-69 (Bankr. D. Mass. 1981) ("[A]lthough the Debtor signs the schedules under oath, the values listed therein are only reasonable estimates, and very often the person charged with preparing the schedules has little or no knowledge about the value of certain types of property listed therein. As a result, it is possible that the 'scheduled value' and the actual 'market value' may differ substantially."). Accordingly, it is proper to remand the case to allow the bankruptcy court to (1) consider the proper remedy; and (2) if it decides to award the Trustee the value of the property, hear additional evidence regarding its value. I note, however, that given that PNC had lent debtor the sum of $282,000, it is unclear why it should pay an additional amount simply because the loan transaction occurred during the preference period.

## IV. Conclusion

The Trustee's motion to dismiss the appeal as untimely (Docket # 8) is DENIED. The Trustee's motion to strike issues on appeal (Docket # 9) is DENIED. The judgment of the bankruptcy court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

|     March 31, 2014     |     /s/Rya W. Zobel     |
|:---:|:---:|
| DATE | RYA W. ZOBEL |

UNITED STATES DISTRICT JUDGE